IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JUSTIN M. AIKMAN,**

    **Plaintiff,**

v.                                           Civil Action 2:19-cv-5421
                                                 Magistrate Judge Jolson

**COMMISSIONER OF SOCIAL
SECURITY,**

    **Defendant.**

**OPINION AND ORDER**

This matter, in which the parties consented to the jurisdiction of the Undersigned pursuant to 28 U.S.C. § 636(c) (*see* Docs. 4, 6), is before the Court on Plaintiff's Motion for Attorney Fees. (Doc. 17). For the reasons that follow, Plaintiff's Motion is **GRANTED in part and DENIED in part**. Plaintiff is awarded attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, in the amount of $4,187.50 (33.5 hours, multiplied by $125 per hour), as well as $400 in filing fees.

**I.**     **BACKGROUND**

Plaintiff filed his application for Disability Insurance Benefits ("DIB") on August 18, 2015, and Supplemental Security Income ("SSI") on February 29, 2016, alleging disability beginning on December 3, 2011. (Doc. 7, Tr. 223–32). His applications were denied initially and again on reconsideration. After a video hearing was held on October 2, 2018 (Tr. 33–76), Administrative Law Judge ("ALJ") Kevin Plunkett issued an unfavorable decision on December 19, 2018. (Tr. 15–26). The Appeals Council denied Plaintiff's request for review making the ALJ's decision the final decision for purposes of judicial review. (Tr. 1–6). On August 3, 2020, the Court reversed the Commissioner of Social Security's nondisability finding and remanded this matter to the

Commissioner and the ALJ under Sentence Four of § 405(g).

Plaintiff now moves for an award of $8,375.00 in fees under the Equal Access to Justice Act ("EAJA"), plus $400.00 in costs. (Doc. 17). Defendant, in response, requests that the Court award a reduced amount, asserting that the hourly rate and requested number of hours are unreasonable. (Doc. 18). This matter is ripe for resolution.

**II.     STANDARD**

"Under the EAJA, when the plaintiff is a prevailing party in an action against the government, a court must award attorney's fees and expenses, unless the government's position is substantially justified or special circumstances would make an award unjust." *Bethea v. Comm'r of Soc. Sec.*, No. 2:17-CV-761, 2018 WL 3045075, at *2 (S.D. Ohio June 20, 2018), *report and recommendation adopted*, No. 2:17-CV-761, 2018 WL 4223149 (S.D. Ohio Sept. 5, 2018) (citing 28 U.S.C. § 2412(d)(1)(A)). "'Once a court makes the threshold determination that a party is eligible for EAJA fees, it looks to the lodestar amount as a starting point for calculating a reasonable fee award,' which 'is the product of the number of hours billed and a reasonable hourly rate.'" *Bethea*, 2018 WL 3045075, at *2 (quoting *Minor v. Comm'r of Soc. Sec.*, 826 F.3d 878, 881 (6th Cir. 2016)).

Regarding a reasonable hourly rate, the EAJA limits recovery of attorney's fees to $125 per hour unless the court concludes that the circumstances justify a higher rate, for example, "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved[.]" 28 U.S.C. § 2412(d)(2)(A). This "statutory rate is a ceiling and not a floor." *Chipman v. Sec'y of Health & Hum. Servs.*, 781 F.2d 545, 547 (6th Cir. 1986).

Importantly, in requesting an increase in the statutory rate, the plaintiff "bears the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). To satisfy that burden, the plaintiff "must 'produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id*. (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

Concerning the reasonableness of the expended hours, "[t]he relevant question . . . is not what is required in *most* social security cases, but what did *this* case require." *Glass v. Sec'y of Health & Human Servs.*, 822 F.2d 19, 20 (6th Cir. 1987) (emphases in original). Moreover, "'[h]ours may be cut for duplication, padding or frivolous claims,' but a court rejecting a counsel's tabulation of hours expended 'must identify the hours rejected and specify with particularity the reasons for their rejection.'" *Bethea*, 2018 WL 3045075, at *3 (quoting *Minor*, 826 F.3d at 883– 84).

### III. DISCUSSION

Defendant challenges both Plaintiff's hourly rate and hours billed as unreasonable. The Court addresses each in turn.

#### A. Hourly Rate

Plaintiff argues that an hourly rate of $250 is reasonable. For support, he relies on: (1) the United States Bureau of Labor Statistics Consumer Pricing Index; (2) the online Bureau of Labor Statistics calculation tool of equivalent spending power; and (3) his lawyer's affidavit attesting, in part, that she has successfully litigated six Social Security disability appeals in federal district court

3

and is an experienced litigator, familiar with this area of the law. (Doc. 17-1 at 2–5). Defendant, for its part, asserts that Plaintiff has produced insufficient evidence to support his request, which is over $100 greater than the statutory rate. The Court agrees.

"In determining the appropriate rate, the Court may allow for a cost-of-living adjustment to justify an award in excess of $125 per hour." *Bethea*, 2018 WL 3045075, at *2 (citing *Begley v. Sec'y of Health & Hum. Servs.*, 966 F.2d 196, 199 (6th Cir. 1992)). "The determination of whether a cost-of-living increase justifies a fee in excess of the $125 rate is left to the Court's discretion." *Bethea*, 2018 WL 3045075, at *2 (citing *Begley*, 966 F.2d at 199). Relevant here, "[i]t is not sufficient, however, that a party submit only the Department of Labor's Consumer Price Index and argue that inflation justifies an increase in fees." *Bethea*, 2018 WL 3045075, at *2 (citing *Bryant*, 578 F.3d at 450).

But that is precisely what Plaintiff does here. (*See* Doc. 17-1 at 3–4). And such evidence alone is insufficient to justify a cost-of-living increase. *See, e.g.*, *Caviness v. Comm'r of Soc. Sec.*, 681 F. App'x 453, 456 (6th Cir. 2017) ("[T]he plaintiff bears the burden of demonstrating why a higher attorney fee is justified according to the facts of her case. We hold yet again that a plaintiff's submission of data alone is merely necessary, not sufficient, to meet her burden for higher attorney fee rate under the EAJA."); *Bryant*, 578 F.3d at 450 (holding that plaintiff may not simply rely on the Department of Labor's Consumer Price Index to argue that the rate of inflation supports an increase of fees); *Bethea*, 2018 WL 3045075, at *3 (internal quotation marks and citation omitted) (rejecting plaintiff's argument that "the prevailing rate under the EAJA is currently slightly more than $190.00 per hour; the rate alleged herein is $150.00 per hour," as plaintiff "failed to supply evidence establishing that the cost of living justifies a higher rate").

Rather than rote data, Plaintiff was required to "'produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Bethea*, 2018 WL 3045075, at *2 (quoting *Blum*, 465 U.S. at 895 n.11). Indeed, Plaintiff notes in his Motion that he was required to produce an affidavit or affidavit from other social security practitioners describing their experience and indicating that the rates sought by his attorney are in line with prevailing rates in the area for services by lawyers of reasonably comparable skill, experience, and reputation. (Doc. 17-1 at 3) (collecting cases).

Plaintiff provides no such evidence. Apart from his lawyer's affidavit regarding her own litigation experience, Plaintiff relies on only other district court decisions in which the court approved increased hourly rates. (*See* Doc. 17-1 at 3–4). But "it is not enough to simply point to other cases where the Court has approved rates in excess of the statutory cap because each application must be evaluated on its own merit." *Bethea*, 2018 WL 3045075, at *3.

In sum, Plaintiff has failed to meet his burden demonstrating that his lawyer's requested hourly rate of $250 is reasonable. Without more, the Court will not raise the EAJA hourly rate of $125. *See, e.g.*, *Bethea*, 2018 WL 3045075, at *3 (finding that plaintiff failed to justify hourly rate of $150 and reducing rate to statutory hourly rate of $125).

**B. Hours Expended**

Plaintiff also asserts that his attorney reasonably devoted 33.5 hours to this case. (Doc. 17-1 at 5–10). For support, Plaintiff explains that his "primary impairment, Adult Onset Still's Disease, is extremely rare," and warranted his lawyer spending roughly 30 hours on his case. (*Id*. at 5*; see also* Doc. 19 at 3–4). Defendant responds that "this was a routine case involving common issues—

5

medical opinion, consideration of all the evidence, medical expert, and residual functional capacity—that were neither complex nor novel." (Doc. 18 at 5). Moreover, says Defendant, Plaintiff's lawyer, Ms. Jacquish, has 14 years of experience in this area of the law. (*Id*. at 6).

"The Sixth Circuit has previously noted that the number of hours expended in pursuit of most social security appeals is in the range of 'twenty to thirty hours,' with forty hours topping out the high end of what has been described as an average range." *Crim v. Comm'r of Soc. Sec.*, No. 1:11-CV-137, 2013 WL 1063476, at *4 (S.D. Ohio Mar. 14, 2013), *report and recommendation adopted*, No. 1:11CV137, 2013 WL 3367337 (S.D. Ohio July 5, 2013) (quoting Glass, 822 F.2d 19, 20) (citing *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 420 (6th Cir. 1990) *as clarified on reh'g* (Jan. 23, 1991) (noting that the "average number of hours for an attorney to work on a social security case ranges from 30 to 40 hours").

Upon review of the record, including Plaintiff's Statement of Errors, the Court finds that 33.5 hours is reasonable for the work performed. Although the administrative record in this case is not extraordinarily long, as Plaintiff notes, it required review of unique medical issues and corresponding medical opinions. Plaintiff's Statement of Errors is 18 pages long, and his reply brief is six pages long. Both rely upon case authority, numerous regulations, medical evidence, and hearing testimony, and his Statement of Errors includes a thorough description of how his unique symptoms affected his ability to work. (*See generally* Docs. 8, 12); *see also Bethea*, 2018 WL 3045075, at *3 (finding 36.7 hours to be reasonable where "Plaintiff's Statement of Errors [was] well drafted, largely tailored to Plaintiff's specific case, and d[id] not consist of primarily 'boilerplate' language"). In short, the Court need not reduce fees for "duplication, padding, or frivolous claims." *Glass*, 822 F.2d at 21.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion (Doc. 17) is **GRANTED in part and DENIED in part**. Plaintiff is awarded attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, in the amount of $4,187.50 (33.5 hours, multiplied by $125 per hour), as well as $400 in filing fees.

IT IS SO ORDERED.


Date:  December 10, 2020                     /s/ Kimberly A. Jolson
                                             KIMBERLY A. JOLSON
                                             UNITED STATES MAGISTRATE JUDGE