IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JUSTIN M. AIKMAN,

      Plaintiff,

  v.                                        Civil Action 2:19-cv-5421
                                            Magistrate Judge Jolson

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

## OPINION AND ORDER

This matter, in which the parties consented to the jurisdiction of the Undersigned pursuant to 28 U.S.C. § 636(c) (*see* Docs. 4, 6), is before the Court on Plaintiff's Post-Order Motion to Reopen and Evaluate Attorney Affidavit (Doc. 22).  For the reasons that follow, Plaintiff's Motion is **DENIED**, and the Court will not reopen its December 10, 2020, Opinion and Order (Doc. 21) granting in part and denying in part Plaintiff's Motion for Attorney Fees and awarding Plaintiff $4,187.50 in attorney's fees and $400 in filing fees.

In its Opinion and Order, the Court concluded that Plaintiff failed to meet his burden demonstrating the reasonableness of his lawyer's requested hourly rate of $250.  (Doc. 21 at 5). Specifically, the Court noted that Plaintiff failed to produce an affidavit from another social security practitioner describing his or her experience and indicating that the rates sought by his attorney are in line with prevailing rates in the area for services by lawyers of reasonably comparable skill, experience, and reputation.  (*Id*.).  Instead, Plaintiff relied on only his lawyer's statements regarding her own litigation experience and other district court decisions in which the court approved hourly rates above the Equal Access to Justice Act's ("EAJA") hourly rate of $125. (*Id*.).  Without additional evidence, the Court declined to raise the statutory hourly rate.  (*Id*.).

Additionally, the Court concluded that Plaintiff's attorney reasonably devoted 33.5 hours to his case. (*Id*. at 5–6). The Court explained that, while the administrative record in this case is not particularly long, it required review of unique medical issues and opinions. (*Id*. at 6). Moreover, Plaintiff's Statement of Errors and reply brief relied upon case authority, numerous regulations, medical evidence, and hearing testimony. (*Id*.). Therefore, the Court awarded Plaintiff attorney's fees under the EAJA in the amount of $4,187.50 (33.5 hours, multiplied by $125 per hour) and $400 in filing fees. (*See generally id*.).

Plaintiff now "asks that this Order be reopened," explaining that counsel's failure to file an affidavit supporting the requested hourly rate of $250 was an "oversight." (Doc. 22 at 1). More specifically, Plaintiff asks the Court to consider the attached September 2015 affidavit of Ohio attorney Marcia Margolius (Doc. 22-1), who attested that she charged $400 an hour for social security cases. (*See generally* Doc. 22). Plaintiff asserts that, while Ms. Margolius "is far more experienced that [his] counsel, the rate she charges is also far higher." (Doc. 22 at 1). Plaintiff contends that his lawyer "performed the same kind of services that attorney Margolius performs for her clients," and "[t]hough attorney Margolius is far more experienced than Plaintiff's counsel, that experience would not have resulted in a better outcome for [him]." (*Id*. at 2).

Plaintiff misses the mark. As Defendant notes, Plaintiff's Motion fails to satisfy let alone address the standard for granting relief from judgment. *See* Fed. R. Civ. P. 60(b). And the Court agrees—Plaintiff could have submitted Ms. Margolius's affidavit with his motion or reply brief. But even if he had, the outcome would be the same. Ms. Margolius's affidavit is not "'satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Bethea v.*

2

*Comm'r of Soc. Sec.*, No. 2:17-CV-761, 2018 WL 3045075, at *2 (S.D. Ohio June 20, 2018), *report and recommendation adopted*, No. 2:17-CV-761, 2018 WL 4223149 (S.D. Ohio Sept. 5, 2018) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

In her affidavit from over five years ago, Ms. Margolius attested that she had 32 years of experience and frequently lectured on social security issues. (Doc. 22-1, ¶¶ 1–2, 8). She also testified before Congress "on Social Security Disability matters" and served as "President of the National Organization of Social Security Claimant Representatives." (*Id.*, ¶¶ 4–5). Additionally, she attested that she had handled "hundreds" of social security appeals. (*Id.*, ¶ 7). Given all of this, she charged $400 an hour for her services. (*Id.*, ¶ 8).

Again, as Plaintiff acknowledges, for the Court to raise the EAJA's hourly rate, Plaintiff must produce evidence, for example another attorney's affidavit, establishing that his lawyer's rates are in line with prevailing rates in the area for services by lawyers of reasonably comparable, skill, experience, and reputation. (Doc. 21 at 5); *see also Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). Ms. Margolius's affidavit sheds little to no light here.

Unlike Ms. Margolius's 32 years, Plaintiff's counsel has fourteen years of experience and has litigated roughly twenty cases in this area of law. (Doc. 17-1 at 4). Plaintiff does not address any discrepancies between his lawyer's and Ms. Margolius's skill, experience, or reputation. And Plaintiff's two-page Motion supported by Ms. Margolius's abstract affidavit is not enough for the Court to adjust the EAJA rate in the first instance, let alone change its earlier decision. *Cf. Gunther v. Comm'r of Soc. Sec.*, 943 F. Supp. 2d 797, 803 (N.D. Ohio 2013) (recommending EAJA rate be adjusted where plaintiff provided numerous affidavits and declarations attesting to reasonable hourly rates in social security cases, as well as Ohio State Bar association's profile of attorney

3

billing rates by location and practice classification).

In sum, Plaintiff has failed to "'produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Bryant*, 578 F.3d at 450 (quoting *Blum*, 465 U.S. at 895 n.11).  His Motion (Doc. 22) is **DENIED** as a result.  So the Court will not reopen its December 10, 2020, Opinion and Order (Doc. 21) granting in part and denying in part Plaintiff's Motion for Attorney Fees and awarding Plaintiff $4,187.50 in attorney's fees and $400 in filing fees.

IT IS SO ORDERED.


Date:   January 4, 2021                        /s/ Kimberly A. Jolson
                                               KIMBERLY A. JOLSON
                                               UNITED STATES MAGISTRATE JUDGE